PER CURIAM.
Pro se appellant, Tommy Bunn, contests the judgment of the trial court ordering the forfeiture and condemnation of one nine-millimeter Beretta automatic pistol.
The following facts are undisputed: Tal-ladega County sheriffs deputies seized the pistol during an altercation with Bunn while serving him with an arrest warrant. As a result of Bunn’s actions during the arrest, he was charged with attempted murder. He ultimately pled guilty to a charge of attempted assault in the second degree. Bunn’s conviction was later upheld by the Alabama Court of Criminal Appeals.
The State filed a complaint in the Circuit Court of Talladega County, requesting the trial court to declare the pistol contraband and forfeited pursuant to Ala.Code 1975, § 13A-11-84. As the State clarified in its second amended complaint and pretrial briefs, its condemnation request was founded on two theories. First, the State claimed under Ala.Code 1975, § 13A-11-71, that Bunn had attempted to commit a crime of violence, attempted assault in the second degree, while armed with the pistol. Second, the State claimed under Ala.Code 1975, § 13A-11-72, that Bunn would be prohibited from possessing a pistol because of his prior criminal convictions. Following an ore tenus proceeding, the trial court entered its judgment condemning the pistol.
On appeal, Bunn raises three issues for this court’s consideration: (1) whether, pursuant to § 13A-11-84(b), the State failed to timeíy file its complaint; (2) whether, in condemning the pistol, the trial court erred in failing to apply the definition of “crime of violence” as it appears in the United States Code; and (3) whether sufficient evidence existed from which the trial court reasonably could have determined that Bunn had attempted to commit attempted assault in the second degree while armed with the pistol.
Section 13A-11-84(b) provides, in pertinent part:
“Within five days after the final conviction of any person arrested for violating any of the above-numbered sections, the person receiving possession of the pistol ... shall report the seizure and detention of said pistol or pistols to the district attorney within the county where the pistol or pistols are seized.... Upon receipt of the report ... it shall be the duty of the district attorney ... to forthwith file a complaint in the circuit court of the proper county, praying that such seized pistol or pistols be declared contraband, be forfeited to the state and be destroyed.”
(Emphasis added.) The State filed its complaint on March 25, 1991, almost three months before the court of criminal appeals affirmed Bunn’s conviction on June 18, 1991. *1036 We find this to be a timely filing pursuant to § 13A-11-84.
For purposes of a condemnation action under § 13A-11-84, a “crime of violence” includes committing or attempting to commit “murder, manslaughter, ... rape, mayhem, assault ..., robbery, burglary, kidnapping, and larceny.” Section 13A-11-70(2), Ala.Code 1975. Bunn incorrectly argues that the trial court should have applied the definition of “crime of violence” found in 18 U.S.C. § 924(c)(3). The federal definition does not apply to that used by the state in prosecuting the forfeiture and condemnation of pistols under its own code; § 924(c)(3) states that the definition applies only “[f]or purposes of this subsection.” 18 U.S.C. § 924(c)(3). Thus, the trial court did not err in applying the definition of “crime of violence” set forth in § 13A-11-70 when determining whether to condemn Bunn’s pistol.
A trial court’s factual findings based on an ore tenus presentation of the evidence are presumed correct, and its judgment will be reversed only upon this court’s determination that the trial court’s findings were clearly erroneous. Ward v. State, 592 So.2d 581 (Ala.1992).
The trial court heard the testimony of Archie McNeill, one of three deputies dispatched to the house where Bunn was staying on the night of the incident. Deputy McNeill testified that he waited outside the house while the other two deputies, Victor Mooney and Donnie Green, actually went in to serve the arrest warrant. Upon hearing a gunshot, McNeill entered the house and saw Deputy Mooney emerging from Bunn’s bedroom with the pistol. Outside, Mooney told McNeill that Bunn had punched him, dived onto his bed, and grabbed the pistol, whereupon Deputy Green pulled his weapon and fired, wounding Bunn in the leg. During his testimony, Bunn admitted that as a result of the incident, he had pled guilty to attempted assault in the second degree. He also admitted that the assault charge included an allegation that he had used the pistol, or one like it, in the attempted assault.
We find no error in the judgment of the trial court. Therefore, this case is affirmed.
AFFIRMED.
All the Judges concur.